

**SO ORDERED.**

**SIGNED this 04 day of March, 2013.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:                                                          CASE NO.

**ROBERT SCOTT CLEMENTS**                        **12-05789-8-SWH**

      **DEBTOR**

### ORDER ALLOWING CLAIM OF DONNA G. CLEMENTS FOR VOTING PURPOSES

The matter before the court is the motion filed by Donna G. Clements, by and through her guardian of the estate, Kimberly Batten, requesting an order pursuant to Federal Rule of Bankruptcy Procedure 3018 to temporarily allow her claim for purposes of voting on the debtor's plan. A hearing was held in Raleigh, North Carolina on February 27, 2013. Upon conclusion of the hearing, the court granted the debtor's motion. This order sets out the bases for the court's ruling.

On May 24, 2010, Ms. Clements filed a complaint against the debtor in New Hanover County Superior Court, and on August 7, 2012, cross motions for summary judgment were heard by the state court judge who took the matter under advisement. On August 9, 2012, prior to a ruling in the state court matter, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. On August 17, 2012, Ms. Clements filed a proof of claim in the amount of $4,391,057.00 and contemporaneously filed a motion for relief from the automatic stay to allow the state court judge to render a decision. The motion for relief was granted by an order dated September 27, 2012, and

shortly thereafter, the state court judge entered a judgment against the debtor awarding Ms. Clements damages in the amount of $4,273,825.00.  An appeal of this decision initiated by the debtor is currently pending.

On December 6, 2012, the debtor filed his plan and disclosure statement.  A hearing on plan confirmation was scheduled for January 23, 2013.  On January 9, 2013, Ms. Clements filed her objection to confirmation of the plan and disclosure statement.  Subsequently, by an order dated January 10, 2013, the court granted the debtor's motion to continue the hearing on plan confirmation to February 26, 2013.  On February 18, 2013, just prior to the confirmation hearing, the debtor objected to Ms. Clements' claim, and in response, Ms. Clements filed the instant motion to temporarily allow her claim for purposes of voting on the plan.

Section 1126(a) of the Bankruptcy Code provides that a "holder of a claim or interest allowed under section 502 of this title [Title 11] may accept or reject a plan."  11 U.S.C. § 1126(a). Section 502 provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Together, sections 1126(a) and 502(a) prohibit a claimant from voting on the plan of reorganization if the debtor has objected to that party's claim.  See Jacksonville Airport, Inc. v. Michkeldel Inc., 434 F.3d 729, 731 (4th Cir. 2006) ("These provisions [1126(a) and 502(a)] allow only holders of claims to which no party has objected to vote on Chapter 11 plans.").

However, bankruptcy courts "after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).  Whether to allow a claim for voting purposes is within the court's sound discretion, and when estimating such a claim the court may "employ whatever method is best suited

2

to the circumstances of the case." <u>Pension Benefit Guar. Corp. v. Enron Corp.</u>, 2004 U.S. Dist. LEXIS 21810, 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004) (<u>citing</u> <u>In re Ralph Lauren Womenswear, Inc.</u>, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996).

Temporarily allowing Ms. Clements' claim for purposes of voting on the debtor's plan is an appropriate use of this court's discretion. The <u>Rooker-Feldman</u> doctrine precludes this court from reviewing the merits of the state court judgment in favor of Ms. Clements despite the existence of a pending appeal. <u>See</u> <u>Friedman's, Inc. v. Dunlap</u>, 290 F.3d 191, 196 (4th Cir. 2002) ("[T]he fact that the decision of a state court is winding its way through the state appellate system does not subject it to federal review in the meantime.") (<u>citing</u> <u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 202 (4th Cir. 1997). However, even though the <u>Rooker-Feldman</u> doctrine ultimately prevents the court from reviewing the underlying merits of the state court judgment, Ms. Clements' claim cannot be deemed allowed under section 502. <u>See</u> <u>Jacksonville Airport</u>, 434 F.3d at 731-32. This is because section 502 does not require a claim objection to have any validity or potential for ultimate success; thus, a court need not review the merits of the underlying state court judgment. <u>Id.</u> Although the claim is not deemed allowed under section 502, the fact that the <u>Rooker-Feldman</u> doctrine applies to a claim in the bankruptcy case may serve as the basis for temporarily allowing the claim for voting purposes. <u>See</u> <u>id.</u> (stating that claimant's <u>Rooker-Feldman</u> argument—that the debtor's objection to its claim was invalid because of the doctrine—would have been proper in a proceeding under Rule 3018 to temporarily allow its claim for voting purposes). Accordingly, because the <u>Rooker-Feldman</u> doctrine applies to Ms. Clements' claim against the debtor, her claim is temporarily allowed for purposes of voting on the debtor's plan of reorganization.

Further, Ms. Clement's claim is temporarily allowed in the amount of $4,273,825.00, the amount of damages awarded by the state court judge.  The full amount of damages awarded in the state court action is the most appropriate estimation of Ms. Clements' claim for voting purposes. The state court judge has already liquidated the judgment that forms the basis of Ms. Clements' claim against the debtor.  Relying on this amount is not only consistent with the application of the Rooker-Feldman doctrine—the justification for temporarily allowing the claim—but it also serves as the best, if not only, indication of the claim amount.

**SO ORDERED**.

**END OF DOCUMENT**

4